Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50212 | **DATE** | 12/12/2001 |
| **CASE TITLE** | EDWARDSEN vs. ROCVALE CHILDREN'S HOME | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted. This cause is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | DEC 13 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 12-13-01 | |
| /SEC | courtroom deputy's initials | 2001 DEC 12 PM 4:16 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

On June 20, 2000, plaintiff Nancy Edwardsen, acting pro se, filed a complaint against the Rocvale Children's Home ("Rocvale"), alleging reverse race discrimination (she is Caucasian) in violation of Title VII of the Civil Rights Act, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Currently pending is Rocvale's motion for summary judgment, filed pursuant to FED. R. CIV. P. 56. The court has jurisdiction over Edwardsen's complaint pursuant to 29 U.S.C. § 626(c) (ADEA) and 42 U.S.C. § 2000e-5(f)(3) (Title VII). Venue is proper under 28 U.S.C. § 1391(b), (c) and 42 U.S.C. § 2000e-5(f)(3).

In support of its motion for summary judgment, Rocvale submitted a statement of material facts pursuant to LR 56.1(a)(3). Edwardsen's response to Rocvale's motion, supporting memorandum and LR 56.1(a)(3) statement addresses discovery issues and in particular, she did not respond to the LR 56.1(a)(3) statement of facts. Because Edwardsen did not respond to Rocvale's statement of facts in accordance with the local rules, Rocvale's facts are deemed admitted. See LR 56.1(b)(3)(B); Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 689 (7th Cir. 2000).

Rocvale is correct in that Edwardsen has not produced any direct evidence of reverse race or age discrimination. (LR 56.1(a)(3) ¶¶ 10-14) Thus, the court will analyze her claims under the indirect, burden-shifting method of proof. To support a reverse race discrimination claim, Edwardsen must initially show: (1) she was performing to Rocvale's legitimate expectations; (2) she suffered an adverse employment action; (3) similarly situated, minority employees were treated differently; and, (4) there are background circumstances which support a suspicion that Rocvale must be the unusual employer who discriminates against white employees. See Mills v. Health Care Serv. Corp., 171 F.3d 450, 455-57 (7th Cir. 1999). Edwardsen has failed to produce evidence to establish the first, third and fourth prongs. As for the first prong, she worked at Rocvale less than one month and was seen doing jumping jacks for no apparent reason while in charge of two agitated, mentally handicapped residents. (LR 56.1(a)(3) ¶ 8) She also got into a shouting match with another Rocvale employee. (Edwardsen dep., pp. 51-59) As for the third prong, she has produced no evidence of similarly situated, minority employees who were treated more favorably. As for the fourth prong, the background evidence is in Rocvale's favor. Edwardsen was hired by a white individual and terminated by a white employee. (LR 56.1(a)(3) ¶¶ 5-6)

Regarding her age discrimination claim, Edwardsen must initially establish: (1) she is over the age of 40; (2) she performed her job according to Rocvale's legitimate expectations; (3) she suffered an adverse employment action; and, (4) similarly situated, non-protected employees were treated more favorably than her. See Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 142 (2000); Gordon v. United Airlines, Inc., 246 F.3d 878, 885-86 (7th Cir. 2001). Edwardsen has failed to produce evidence establishing the second and fourth elements for the same reasons stated with respect to her reverse race discrimination claim.

Even if the court were to consider Edwardsen as having somehow established a prima face case of reverse race or age discrimination, Rocvale has satisfied its burden of articulating a nondiscriminatory reason for Edwardsen's discharge. The vice president of Rocvale states she discharged Edwardsen for two reasons: (1) within the first eight days of Edwardsen's employment, she was insubordinate several times; and, (2) she exhibited bizarre behavior and/or an inability to properly supervise mentally disabled children. (Def. Exh. C, Mellows Aff., ¶ 7) Edwardsen has produced no evidence from which a reasonable factfinder could conclude Rocvale's proffered reason is unworthy of credence, raising the inference that the real reason for her discharge is discriminatory. See Reeves, 530 U.S. at 146-48; Olsen v. Marshall & Ilsley Corp., 267 F.3d 597, 601-02 (7th Cir. 2001).

To the extent Edwardsen is claiming she was denied discovery, her claim is unfounded. She was given ample opportunity to fully justify her claims.